## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CPI CORP., *et al.*,[1]<br><br>           Debtors. | Chapter 7<br><br>Case No. 13-11158 (BLS)<br>Substantially Consolidated<br><br>**Objection Deadline: June 19, 2019 at 4:00 p.m. (ET)**<br>**Hearing Date: July 10, 2019 at 10:30 a.m. (ET)** |

### MOTION OF CHARLES A. STANZIALE, JR., CHAPTER 7 TRUSTEE FOR THE ESTATES OF CPI CORP., *ET AL.* FOR ENTRY OF AN ORDER PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE APPROVING SETTLEMENT AGREEMENT

Charles A. Stanziale, Jr., chapter 7 trustee for the estates of CPI Corp., *et al.* (the "**Trustee**"), by and through undersigned counsel hereby moves (the "**Motion**") for entry of an (the "**Order**") approving the settlement agreement attached hereto as <u>Exhibit A</u> (the "**Settlement Agreement**"), pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"). In further support of the Motion, the Trustee, by and through his undersigned counsel, respectfully represent:

### JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated as of February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b). Under Local Rule 9013-1(f), the Trustee consents to entry of a final order under Article

---

[1] The debtors in these cases are CPI Corp., Bella Pictures Holdings, LLC, Centrics Technology, Inc., Consumer Programs, Inc., Consumer Programs Partner, Inc., CPI Canadian Holdings, Inc., CPI Images, LLC, CPI International Holdings, Inc., CPI Prints Plus, Inc., CPI Research & Development, Inc., CPI Technology Corp., Image Source, Inc., Myportratis.com, Inc., Ridgedale Prints Plus, Inc., Sandy Realty Holdings, LLC, and Texas Portraits, L.P.

III of the United States Constitution. Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2.      The predicates for the Motion are Bankruptcy Rules 2002 and 9019.

## BACKGROUND

3.      CPI Corp. and its affiliated debtors (the "**Debtors**") filed voluntary petitions [Docket No. 1] (the "**Petition**") for relief under chapter 7 of title 11 of the United States Code (the "**Bankruptcy Code**") on May 1, 2013 (the "**Petition Date**") before the Bankruptcy Court for the District of Delaware (the "**Court**").

4.      The Office of the United States Trustee appointed Charles A. Stanziale, Jr. as the chapter 7 trustee (the "**Trustee**") for the Debtors' bankruptcy cases.

5.      On February 27, 2015, the Court entered an order substantively consolidating the Debtors [Docket No. 349].

6.      On February 1, 2019, Walmart Inc. *f/k/a* Wal-Mart Stores, Inc. ("**Walmart**") filed the Administrative Claim Motion, which sought the allowance and payment of an administrative expense claim under section 503(b) [Docket No. 523] (the "**Walmart Administrative Expense Motion**").

## SETTLEMENT DETAILS

7.      The Trustee seeks Court approval of the Settlement Agreement. The Settlement Agreement includes the following terms: (i) upon entry of an order approving the Settlement Agreement, the Estate shall pay $300,000 to resolve the Walmart Administrative Expense Motion in its entirety; (ii) mutual releases exchanged between the Trustee and Walmart; and (iii) the Trustee and Walmart shall each bear its own attorney fees and costs incurred in connection with the Walmart Administrative Expense Motion and the Motion.

## RELIEF REQUESTED AND BASIS FOR RELIEF

8.      The Trustee and Walmart have reached an agreement to resolve the Walmart Administrative Expense Motion and hope to obtain the approval of the Settlement Agreement from the Court under Rule 9019. Rule 9019 provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor . . . and to any other entity as the court may direct. Fed. R. Bankr. P. 9019(a); *see also Myers v. Martin (In re Martin),* 91 F.3d 389, 393 (3d Cir. 1996). As the Third Circuit has emphasized – "to minimize litigation and expedite the administration of a bankruptcy estate, [c]ompromises are favored in bankruptcy." *Id.* at 393 (quoting 9 Collier on Bankruptcy 9019[1] (15th ed. 1993)).

10.     The Trustee in his business judgment believes that the Settlement Agreement with Walmart is in the best interests of these consolidated estates and all creditors, especially in light of the cost, uncertainty and delay of litigation.

11.     In determining whether a settlement should be approved under Bankruptcy Rule 9019, a court must determine whether "the compromise is fair, reasonable, and in the interests of the estate." *In re Marvel Entertainment Group, Inc.,* 222 B.R. 243, 249 (D. Del. 1998) (quoting *In re Louise's, Inc.,* 211 B.R. 798, 801 (D. Del. 1997)). To reach such a determination, the Court must assess the value of the claim that is being settled and balance it against the value to the estate of the approval of the settlement. *Martin,* 91 F.3d at 393. In striking this balance, the Court should consider the following factors:

(a) The probability of success in the litigation;

(b) The complexity, expense and likely duration of the litigation;

(c) The possibilities of collecting on any judgment which might be obtained;

(d) The interest of creditors and stockholders and a proper deference to their

3

reasonable views of the settlement.

*Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414, 424-425 (1968); *see also, Martin,* 91 F.3d at 393. Participation by sophisticated parties is an additional factor that has been considered. *See In re Ionosphere Clubs*, 156 B.R. 414, 426 (S.D.N.Y. 1993), *aff'd*, 17 F. 3d 600 (2d Cir. 1994).

12.     Basic to the process of evaluating a proposed settlement is "the need to compare the terms of the compromise with the likely rewards of litigation." *TMT Trailer Ferry,* 390 U.S. at 425. The *TMT* rule does not require the Court to hold a full evidentiary hearing before a compromise can be approved; rather, the Court's obligation is to "canvass the issues to see whether the settlement falls below the lowest point in the range of reasonableness." *Cosoffi v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608, 613 (2d Cir. 1983), *cert denied*, 464 U.S. 822 (1983); *In re Mavrode*, 205 B.R. 716, 720 (Bankr. D.N.J. 1997); *see also In re Capmark Fin. Grp., Inc.*, 438 B.R. 471, 515 (Bankr. D. Del. 2010). Applying these standards to this case, the Trustee believes that approval of the Settlement Agreement is in the best interests of the estates and creditors and is fair and equitable. The Settlement Agreement was negotiated at arms'-length by sophisticated parties. *See Motorola Inc. v. Official Comm. Of Unsecured Creditors (In re Iridium Operating LLC)*, 478 F.3d 452, 462 (2d Cir. 2007) (noting that approval of settlements includes weighing the support of other parties-in-interest and the "competency and experience of counsel" supporting the settlement). In fact, the Settlement Agreement resulted after months of negotiation among counsel for the parties. If the Court does not approve the Settlement Agreement, then the Trustee will have to litigate with Walmart. Litigation with Walmart will not generate a monetary award for the estates, but reaching a Court-approved settlement will allow the estates to eliminate fees and costs associated with litigation.

4

13.      While the Trustee believes he would prevail in any litigation with Walmart, the Trustee recognizes that litigation involves substantial risk. The approval of the Settlement Agreement will eliminate potential costs of litigation and the uncertainty of success weighs in favor of Settlement Agreement approval. Accordingly, the Trustee is confident that the settlement meets the standards set forth in *In re Martin*, 91 F.3d at 395; *see also Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-425 (1968).

14.      The Settlement Agreement results in, *inter alia*, a payment of $300,000 from unencumbered assets to the Walmart and this proposed resolution eliminates attendant risks and costs associated with litigating the Walmart Administrative Expense Motion to trial or final hearing. The Trustee represents that he is holding more than $300,000.00 in unencumbered assets and thus is able to make this payment, in full, upon Court approval of the settlement. Further, settlement approval also eliminates the substantial delay in litigating the Walmart Administrative Expense Motion and resolves Walmart's claim against the estates.

## CONSENT TO JURISDICTION

9.      Pursuant to Local Rule 9013-1(f), the Trustee consents to the entry of a final judgment or order with respect to this Motion if it is determined that the Court would lack Article III jurisdiction to enter such final order or judgment absent consent of the parties.

## RESERVATION OF RIGHTS

10.      Nothing contained herein is intended or should be construed as an admission as to the validity of any claim against the estates or a waiver of the Trustee's right to dispute any other Walmart claim. The Trustee expressly reserves their right to dispute any future claim asserted by

5

Walmart under applicable law in accordance with the applicable provisions of the Bankruptcy Code.

## NOTICE

11.     Notice of this Motion has been given to: (a) Walmart; (b) the Office of the United States Trustee for the District of Delaware; and (c) any party that has requested notice pursuant to Bankruptcy Rule 2002.

## NO PRIOR REQUEST

12.     No previous request for the relief sought herein has been made to this Court or any other court.

**WHEREFORE**, for the foregoing reasons, the Trustee respectfully requests that the Court (i) enter the Order, substantially in the form attached hereto as Exhibit B, authorizing and approving the Settlement Agreement; and (ii) grant such other and further relief to the Trustee as may be just and proper.

Dated:  June 4, 2019
        Wilmington, Delaware

Respectfully submitted,

**POLSINELLI PC**

*/s/ Christopher A. Ward*
Christopher A. Ward (Del. Bar No. 3877)
Brenna A. Dolphin (Del. Bar No. 5604)
222 Delaware Avenue, Suite 1101
Wilmington, Delaware 19801
Telephone: (302) 252-0920
Facsimile: (302) 252-0921
cward@polsinelli.com
bdolphin@polsinelli.com

*Counsel to Charles A. Stanziale, Jr., Chapter 7 Trustee*

68600304.3